# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DONNA HOLT,** an individual ) | |
| **PLAINTIFF,** ) | |
| VS. ) | 2:12-cv-3904-JHH |
| **GLADFELTER INSURANCE GROUP,** a foreign corporation, ) | |
| ) | |
| **DEFENDANT.** | |

## MEMORANDUM OPINION

The court has before it the Renewed Motion (Doc. #13) for Summary Judgment filed by Defendant American Alternative Insurance Corporation ("AAIC") on December 2, 2013.[1] Pursuant to the court's orders of December 3, 2013 (Doc. #14) and December 30, 2013 (Doc. #16), the motion for summary judgment is now under submission and is considered herein without oral argument.

Having considered the briefs and evidentiary submissions, the court finds that AAIC's motion for summary judgment is due to be granted for the reasons outlined below.

---

[1] AAIC filed a motion for summary judgment in this case on January 4, 2013, less than a month after the case was filed. (*See* Doc. #8). The court administratively terminated that motion to allow Plaintiff time to develop her case. (*See* Doc. #10).

I.      **Procedural History**

Plaintiff Donna Holt commenced this action on November 19, 2012 by filing a complaint for declaratory judgment in this court alleging that defendant Gladfelter Insurance Group[2] issued a policy of general liability insurance coverage to cover judgments against Randy Gist, yet has refused to pay such judgment that Plaintiff had obtained over Gist. (*See generally* Compl.).

Defendant's December 2, 2013 Renewed Motion (Doc. #13) for Summary Judgment asserts that no genuine issue of material fact exists and that AAIC is entitled to judgment as a matter of law as to all claims asserted against it.

The parties have each filed briefs and submitted evidence in support of their respective positions concerning the pending motion for summary judgment. On January 4, 2013, with the original motion for summary judgment that has been renewed, AAIC submitted a brief (Doc. #9) and evidence[3] (Doc. #8) in support thereof. Plaintiff Holt filed a Response (Doc. #17) in Opposition to the motion for summary judgment on January 10, 2014, and on the same date filed evidence[4] in

---

[2] Plaintiff's complaint incorrectly named American Alternative Insurance Corporation ("AAIC") as Gladfelter Insurance Group. The company will be referred to herein as AAIC.

[3] AAIC filed the following evidence: the Insuring Agreement (Exhibit A) and the Judgment by Default entered into in the case styled *Holt v. Gist et al.*, 2:10cv10-AKK (Exhibit B).

[4] Plaintiff Holt filed the following evidence: the declaration of Donna Holt (Exhibit 1); Secretary of State documents (Exhibit 2); the Judgment by Default (Exhibit 3); the Gladfelter Policy (Exhibit 4); the deposition of Lori Ann Tayman (Exhibit 5); claims management letters (Exhibit 6); Gladfelter emails (Exhibit 7); the complaint in case number 2:10cv10-AKK (Exhibits 8, 8a, and 8b); and the First Amended Complaint in case number 2:10cv10-AKK

support of the opposition. On January 17, 2014, AAIC filed a reply (Doc. #19) to Plaintiff's response in opposition to Defendant's motion for summary judgment along with a Motion (Doc. #18) to Strike Portions of the Declaration of Donna Holt. The Motion (Doc. #18) to Strike has now been fully briefed (*see* Docs. #23, 24) and is also before the court for review.

## II.   Legal Standards for Evaluating a Summary Judgment Motion[5]

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See id.* at 323. Once the moving party has met her burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

---

(Exhibit 9).

[5]   Federal Rule of Civil Procedure 56 was amended on December 1, 2010. However, even with the 2010 amendments, "the standard for granting summary judgment remains unchanged." FED. R. CIV. P. 56 Advisory Committee's Note (2010 Amendments).

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

The method used by the party moving for summary judgment to discharge her initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. *See Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, she can satisfy her initial burden on summary judgment in either of two ways. First, the moving

party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial. The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to *affirmatively* show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires that the movant point out to the district court that there is an absence of evidence to support the non-moving party's case. *See Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets her initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. *See Lewis v. Casey*, 518 U.S. 343, 358 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The court is aware that the summary judgment rule applies in job

discrimination cases just as in other cases. *Chapman v. AI Transport*, 229 F.3d 1012, 1025 (11th Cir. 2000) (rejecting an earlier, contrary general rule and emphasizing that no thumb is to be placed on either side of the scale).

### III.  Relevant Undisputed Facts[6]

    **A.  The Pertinent Policy**

AAIC issued a Hospice and Home Health Care Liability Policy, Policy Number VH-HG-3051783-01/000 ("the Policy"), to Good Samaritan Hospice USA, Inc. ("GSH") in Florence, Alabama for the time period of September 23, 2007 to September 23, 2008. (*See* Doc. #9, Exh. A, the Policy). GSH is described in the Policy as a "hospice or home health care provider." (Policy Declarations at 1).

The Policy's "Insuring Agreement" provides: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (Policy Liability Form at 1). The Policy defines "insured" as:

    1.    If you are designated in the Declarations as:
                    \*\*\*\*\*\*\*\*\*\*\*\*\*
        d.    An organization other than a partnership, joint venture, or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.
                    \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
    2.    Each of the following is also an insured:

---

[6] If the facts are in dispute, they are stated in the manner most favorable to the Plaintiff. *Fitzpatrick*, 2 F.3d at 1115.

6

>   a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees," other than either your "executive officers" (if you are an organization other than a partnership, joint venture, or limited liability company) or your managers (if you are a limited liability company), but only for acts within the course and scope of their employment by you or while performing authorized duties related to the conduct of your business.

(Policy Liability Form at 14).

The Policy contains the following exclusions:

> This insurance does not apply to:
> **********************
>
> x. Employment Practices
> "Bodily injury" or "property damage" arising out of your "employment practices."
>
> y. Sexual Abuse
> "Bodily injury" arising out of "sexual abuse" of any person.

(Policy Liability Form at 2, 7). "Employment practices" is defined to include:

> "Employment practice" means an actual or alleged improper employment-based practice, policy, act, or omission involving an actual, prospective, or former volunteer or "employee" including:
> ************************
>
> h. Harassment, including "sexual harassment."

(Policy Liability Form at 22). The term "sexual harassment" is defined as follows:

> "Sexual harassment" means any actual, attempted, or alleged unwelcome advances, requests for sexual favors, or other conduct of a sexual nature by a person, or by persons acting in concert, which causes injury. "Sexual harassment" includes:

7

> a.  The above conduct when submission to or rejection of such conduct is made explicitly or implicitly a condition of a person's employment, or a basis for employment decisions affecting a person; or
>
> b.  The above conduct when such conduct has the purpose or effect of unreasonably interfering with a person's work performance or creating an intimidating, hostile or offensive work environment.

(Policy Liability Form at 25). The term "sexual abuse" is defined in the Policy as:

> "Sexual abuse" means any actual, attempted, or alleged sexual conduct by a person, or by persons acting in concert, which causes injury. "Sexual abuse" includes sexual molestation, sexual assault, sexual exploitation, or sexual injury, but does not include "sexual harassment."

(Policy Liability Form at 25).

### B.  The Default Judgment

In 2010, Plaintiff Holt, an employee of GSH, sued Randy Gist ("Gist") for a variety of state law tort claims arising from sexual harassment and sexual misconduct in the case styled *Holt v. Gist et al.*, 2:10cv10-AKK. (Doc. #17, Exhs. 8, 9). In that case, Judge Kallon entered a Judgment by Default (*see generally* Doc. #8, Exh. B) on March 31, 2011 against defendant Gist. Judge Kallon made Findings of Fact and Conclusions of Law on Gist's liability. (*See* Doc. #8, Exh. B). Plaintiff now makes, in this court, a demand for indemnity based on Judge Kallon's Judgment. Specifically, Plaintiff Holt seeks a declaratory judgment that AAIC is obligated to indemnify Gist for that Judgment. (*See generally* Compl.).

The facts of the underlying lawsuit are well set out in Judge Kallon's Judgment. Holt was an employee of GSH and financial director who reported to Gist,

a director and President.  (Exh. B at 3; *see also* Holt Decl., ¶¶ 4, 6).  During Holt's employment, Gist "coerced her to have sex with him by threatening her termination, and requested sexual favors in exchange for promotions and pay increases."  (Exh. B at 3-4).  Gist regularly made unwanted sexual advances,[7] touched Holt inappropriately, and made inappropriate inquiries in the workplace.  (Exh. B at 5).  Holt quit her job on January 27, 2008 due to Gist's inappropriate conduct.  (Exh. B at 5).  After Holt quit, Gist "made numerous unwanted calls to Holt's home, repeatedly drove by her home, banged on the door of her home, and left notes on her

---

[7] Plaintiff states in her Declaration that in addition to the unwanted sexual inquiries, Gist also made other improper, though not sexual, inquiries into her personal life. (Holt Decl., ¶¶ 8-11).  AAIC has filed a Motion (Doc. #18) to Strike the Declaration on the ground that "because this case involves a demand that AAIC pay indemnity to satisfy a judgment entered against a tortfeasor in March 2011, evidence that was not before the District Court, or which did not otherwise form a basis for liability, is immaterial and irrelevant." (Doc. #18 at 2).  Plaintiff counters that, although a "record of [Judge Kallon's] proceedings exist," the "default judgment order is not a full rendition of the record" and "[w]hile the declaration may not have been before the court, the facts and evidence were before the court or could have been presented to the court." (Doc. #23 at 1, 3).

The court finds that the Motion (Doc. #18) to Strike the Declaration is due to be, and hereby is, **GRANTED**.  Under Alabama law, the duty to indemnify is determined by the evidence adduced at trial.  *See Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1013 (Ala. 2005) ("Whether there is a duty to indemnify under the policy will depend on the facts adduced at the trial of the action . . ."); *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp.2d 1348, 1360 (M.D. Fla. 2001) ("[T]he duty to indemnify is dependent upon the entry of a final judgment, settlement, or final resolution of the underlying claims by some other means . . . Unless the insured can demonstrate that it suffered a covered loss under the policy, the insurer has no duty to indemnify whatsoever."); *AllState Indem. Co. v. Lewis*, 985 F. Supp. 1341, 1349 (M.D. Ala. 1997) ("[T]he insurer's liability to the insured is ultimately established by what is developed at trial.").  Here, since Gist did not show up for trial and Holt did in fact testify, Judge Kallon's Judgment by Default contains *all* of the findings of fact that were necessary upon which to base the conclusions of law within the Judgment.  It bears noting that even if all of the additional facts contained in the Declaration were before Judge Kallon at the time he entered his Judgment, he did not rely on them and/or did not find them credible upon which to base his Judgment.  Therefore, the Declaration filed by Holt is completely irrelevant to this action.

car." (Exh. B at 5). At times, Gist would drive by Holt's home for hours, causing Holt to go into hiding. (Charge of Discrimination, Exh. 8-a).

These actions caused emotional distress and financial hardship to Holt. (Exh. B at 5). Judge Kallon found Gist liable to Holt for invasion of privacy, outrage, battery, and negligence/wantonness. (Exh. B at 6-9). Judge Kallon ordered that Plaintiff have and recover from Gist the principal sum of $350,000, which included $165,000 for lost wages and $185,000 for emotional distress and pain and suffering. (Exh. B. at 9).

## IV. Analysis

This declaratory judgment action involves the construction of an insuring agreement delivered to an insured in Alabama, and therefore the substantive law of Alabama applies. *See Pan Am. Fire & Cas. Co. v. Edwards Aircraft, Inc.*, 377 F. Supp. 205, 208 (N.D. Ala. 1974) (applying substantive law of Alabama to insurance coverage dispute).

Under Alabama law, Holt, as a judgment creditor, is entitled to bring an action against AAIC, Gist's insurer. *See* ALA. CODE § 27-23-2 (1975). The question presented to this court is whether AAIC has a duty to indemnify; that is, whether Gist's conduct is covered by the Policy and whether AAIC has an obligation to satisfy the judgment entered against Gist. As set forth above, the duty to indemnify is ultimately established by what is developed at trial. *See* footnote 7, *supra*. That is,

AAIC's liability hinges on Gist's conduct as opposed to Holt's allegations. *See Tanner v. State Farm Fire & Cas. Co.*, 874 So. 2d 1058, 1066 (Ala. 2003) ("The insured's conduct rather than the allegedly injured person's allegations determine whether the insurer has a duty to indemnify.").

Under Alabama law, the insured bears the burden of establishing coverage by demonstrating that a claim falls within the policy's insuring agreement. *See State Farm Fire & Cas. Co. v. Shady Grove Baptist Church,* 838 So. 2d 1039, 1043 (Ala. 2002) (insured required to submit evidence that a claim fits within coverage). As the judgment creditor against the insured, Holt now bears that burden. *See Maness v. Alabama Farm Bureau Mut. Cas. Ins. Co.*, 416 So. 2d 979, 981-82 (Ala. 1982) (injured party can recover against the insurer only if the insured was covered against loss or damage). AAIC bears the burden of proving any applicable policy exclusion. *See United States Fid. & Guaranty Co. v. Armstrong*, 479 So. 2d 1164, 1168 (Ala. 1985).

    **A.**    **Gist is not an Insured under the Policy**

The Policy at issue defines an insured to include "executive officers" and directors. "Executive officers" are defined as "a person holding any of the officer positions created by your charter, constitution, by-laws or any similar governing document." (Policy at Section VI, ¶ 8). Here, AAIC does not seem to argue that as a President or Director of the Hospice, Gist could be considered an insured. (*See*

11

Doc. #9 at 10; *see also* Doc. #17 at 8) ("As President, Director, and employee, Gist is unequivocally an insured as defined within the policy as long as his acts are not wholly personal and he is acting within the scope of his employment."). What is argued is that portion of the Policy which states that employees of the Hospice are insureds "but only for acts within the course and scope of their employment by you or while performing authorized duties related to the conduct of your business." (Policy at 14). "Executive officers" are only insureds by the term of the Policy "with respect to duties as officers or directors." (Policy at 14).

Under Alabama law, for actions to be within the scope of employment, "[t]he conduct of the employee . . . *must not be* impelled by motives that are wholly personal, or *to gratify his own feelings* or resentment, but should be in promotion of the business of his employment." *Doe v. Swift*, 570 So. 2d 1209, 1213 (Ala. 1990) (internal quotations omitted) (emphasis in original). That is, the acts for which Gist has been found liable must have been "carrying out the objectives of [his] employment." *Shrader v. Employers Mutual Cas. Co.*, 907 So. 2d 1026 (Ala. 2005). Plaintiff attempts to meet this burden by arguing that "Holt expressed business concerns to Gist. Gist used the improper treatment so that Holt would continue to perform the Medicare billing practices in the same manner as previously noted. . . . The actions of Gist were not wholly personal. They furthered the purpose of the business and GSH's Medicare billing practices." (Doc. #17 at 9). But Plaintiff

presents no citation for this contention. (*See generally* Doc. #17 at 8-10; *see also* footnote 7, *supra*). In fact, no where in the Judgment by Default does Judge Kallon find that Gist was motivated by *anything* other than his own personal desires. (*See* Exh. B at 7-10) (noting that Gist coerced Plaintiff into sexual relations, that he was liable for egregious sexual harassment, and that he sexually forced himself upon her). There is no mention of billing practices or anything that could be construed to further the business objectives of GSH.

Based on the foregoing, the court finds that Gist is not an insured under the Policy and on this ground, the motion for summary judgment is due to be granted.

**B.  Gist's Actions are Excluded from Coverage under the Policy**

Assuming *arguendo* that Gist was an insured under the AAIC Policy, the Policy expressly excludes from coverage any claims arising out of GSH's "employment practices" and AAIC's duty to indemnify would be foreclosed by those exclusions as well. (Policy Form at 7). "Employment practices" is defined to include "sexual harassment" meaning "any actual, attempted, or alleged unwelcome sexual advances, requests for sexual favors, or other conduct of a sexual nature by a person, or by persons acting in concert, which causes injury." (Policy Form at 25). Gist's liability clearly involved "employment practices" not covered by the Policy.

13

### 1.     Invasion of Privacy

Judge Kallon's Judgment holds Gist liable for the tort of invasion of privacy based on the conduct of "repeatedly making uninvited visits to [Holt's] home, coercing [Holt] to engage in sexual relations by threatening her termination, and making unwanted sexual advances." (Exh. B. at 6). In doing so, Judge Kallon cited to two Alabama cases, each of which predicated liability for invasion of privacy on sexual harassment. (Exh. B at 6) (citing *Edwards v. Hyundai*, 603 F. Supp.2d 1336, 1357 (M.D. Ala. 2009) and *Phillips v. Smalley Maint. Serv.*, 435 So. 2d 705, 711 (Ala. 1983)). Thus, contrary to Plaintiff's assertion otherwise (*see* Doc. #17 at 10-16), it is clear that Judge Kallon considered the findings of fact to support this claim based on sexual harassment and not on some other "distinct act" that might (or might not) support a claim for invasion of privacy. For this separate and additional reason, the Policy does not extend to cover Gist's conduct in this case and the motion for summary judgment, as it relates to the invasion of privacy claim, is due to be granted.

### 2.     Tort of Outrage

Plaintiff concedes that "Holt's outrage claim would likely be excluded by the employment practices exclusion because Holt was an employee at the time of the sexual harassment." (Doc. #17 at 17). Therefore, the motion for summary judgment, as it relates to AAIC's liability for the outrage claim, is due to be granted.

14

### 3. Tort of Battery

Judge Kallon's Judgment holds Gist liable for the tort of battery based on the conduct of "inappropriately touching [Holt] in the workplace and sexually forcing himself upon her." (Exh. B at 8). Contrary to Plaintiff's assertion otherwise (*see* Doc. #17 at 17-18) ("[S]he did not perceive that to be sexual harassment"), Judge Kallon made no findings that the inappropriate touchings were non-sexual in nature and AAIC can not be called upon to indemnify Gist for conduct for which he was not found liable. Therefore, the motion for summary judgment, as it relates to AAIC's liability for the battery claim, is due to be granted.

### 4. Tort of Negligence/Wantonness

Judge Kallon's Judgment holds Gist liable for negligence/wantonness on the ground that "as her supervisor, Gist had a duty to refrain from sexually harasing Holt, making unwanted sexual advances towards her, and touching her inappropriately. Gist breached that duty when he threatened Holt with termination if she did not engage in sexual relations with him. Gist further breached that duty also when he repeatedly made unwanted sexual advances to Holt. Finally, Gist acted recklessly by failing to respect Holt's requests to discontinue the unwanted sexual advances and threats of termination." (Exh. B at 8-9). These actions cited by Judge Kallon fit squarely within the "sexual harassment" exclusion of the Policy, and have nothing to do with the failure to provide a safe work environment for injuries unrelated to sexual

15

harassment. Once again AAIC cannot be called upon to indemnify Gist for conduct for which he was not found liable. Therefore, the motion for summary judgment, as it relates to AAIC's liability for the negligence/wantonness claim, is due to be granted.

### V.     Conclusion

For all of the foregoing reasons, the Renewed Motion (Doc. #13) for Summary Judgment is due to be granted in its entirety. A separate order will be entered dismissing all claims by Plaintiff against Defendant.

**DONE** this the ___1st___ day of April, 2014.

_____
SENIOR UNITED STATES DISTRICT JUDGE